Okay, next case is Enri Bella Hospitality Group, LLC. Britt Axelrod for Appellant. And Theresa Maines for Appley. All right. All right, so, Appellant, do you want to reserve any time? Yes, Your Honors, I would like to reserve five minutes. All right. Thank you, Ms. Axelrod. Good morning, Your Honors, and may it please the Court. The case before you today is really, what is the effect of an order of relief in an involuntary case when it is entered? What happened below is that we served the involuntary summons. It's not disputed that it was received, and the debtor failed to raise any objections to the petition. The Court entered its order of relief. Then, 89 days later after the summons was issued, there was a motion to dismiss, which is time barred. If the debtor wanted to contest the order of relief, they had the ability under Rule 59 or Rule 60 to come back into the Court and to raise any issues regarding new evidence, change of circumstance, fraud. That did not occur. Instead, the Bankruptcy Court decided that it could take a time barred motion to dismiss and look back at and vacate its own order for relief. We believe that the Supreme Court put this issue to bed over 100 years ago when it determined that Section 303 is not a jurisdictional requirement but substantive. And when an order of relief is entered, then we have a waiver of any challenges to the petition, including the issue at question here, is whether my client should have filed a statement regarding the purchase of the claim and that it was not purchasing it just to put the case into bankruptcy. That was subsequently cured by declaration. And so what we have here is the Court ignoring the time barred, the Court ignoring its own order, and deciding that it had the ability to go back and look at the waived offenses. This Court and every other circuit court has been clear in its case law that no, you cannot. Those are waived. And in this case before you, what was going on? We had a sale by the trustee TDOT that would satisfy all claims in full. We have a debtor who chose. It didn't need to show up for 2004 exams, but it was now seeking equity in the court below and also equity here from this court. So we would urge the court to stay with the jurisdictional precedents that have been established by both the Supreme Court and by the Ninth Circuit and look at that the 21-day period is the only time that the debtor has to raise those type of challenges unless it wants to file a motion to set aside the order. And once an order of relief is put in, then the case should commence. So you would have us then reverse and remand for the bankruptcy court to reinstate the case. Is that correct? That is absolutely correct, Your Honor. And so some time has passed since this dismissal occurred. So reinstatement is still possible? Yes, Your Honor. I believe that is still possible. When you look at the opposing brief that was filed, I found it very interesting that all the cases that were cited to did not cite to a single case where there was a timely objection. All the cases that were cited to on the jurisdictional side was not dealing with bankruptcy law. And while I appreciate the citations to the Fair Credit Reporting Act, the American with Disabilities Act, the Tax Injunction Act, the Resource Conservation Recovery Act, that is not the bankruptcy code which is at issue here. We have cited numerous cases that the 303's requirements are substantive and not jurisdictional. We believe that that has been put to bed in the last 100 years and, moreover, even more firmly put to bed by the Supreme Court decision in the Arbok case. And since that 2006 decision where they were establishing the right-wing rule of what is jurisdictional versus what is substantive, we have a series of circuit courts that have come out agreeing that when it comes to the 303 issues, that these clearly fall in the non-jurisdictional. And so where we are today is whether this court is going to want to turn over the circuit court's decisions that... Can we? Firstly, I do not think you can, with all due respect, Your Honor. I think that this has been put to bed a long time ago. And the real issue here is whether the bankruptcy court could have sui sponte done its own motion under Rule 60 or Rule 59 without any evidence of fraud or new evidence before the court. And that did not occur, did it? It did not occur, Your Honor. And with that, I think I will... Unless the court has any questions, I will reserve my extra time for rebuttal. Questions? We have no questions. Thank you. Thank you. All right, Ms. Mains, please. Good morning, and may it please the Court. This case is very, very interesting. And I have to say, if I knew what I knew now when I was in law school, I would have booked civil procedure. There's two points, I guess, in an abstract time that I wish this Court to be aware of. The first one is when the petition was filed. The petition was defective on its face, and Judge Landis agreed with that. There was no declaration added to the petition that was required by Rule 1001A. And the judge noted that. And appellants point that this was cured by adding it as an exhibit in their opposition to the motion to dismiss. There's no authority on that, and the court did not find that that cured it. In fact, the court did a full analysis. Does it matter if you didn't object before the order for relief was entered? For subject matter jurisdiction, no, Your Honor. And the court abstractly, the point before when the petition is filed, but now we go to another point after the order for relief. The judge carefully established that what he had in front of him, the order for relief was properly entered based on everything that happened. What did the trial judge say about the waiver? The judge talked about the waiver several times, and it's, again, it's the abstraction. The way the judge very carefully and thoroughly did the analysis is it waived in that 21 rule. 1101 is you have 21 days to object or defend yourself with an involuntary position. You have 21 days to do it. But the judge noted that he cited another court in this district. The debtor doesn't have to, okay? You don't have to. The order for relief can be entered, and then you proceed with the administration of the bankruptcy. So you don't have to answer it. You must if you're going to, but you don't have to. After the order for relief there, the judge now looked at, okay, what do I do? It's not waived. Subject matter jurisdiction is never waived, but the judge did note a tension between 11011B and 12B1 and also 12BH. There's a tension there. But what comes out to very abstractly is that subject matter jurisdiction is fluid. It is never waived. So the judge in his analysis now looked at 303, at the number of creditors that could have, and he looked at the standing of the actual petitioner. So, counsel, other than the Nevada decision that you rely upon, I wasn't able to locate any decision where the court reversed the finding of jurisdiction without a timely objection having been asserted. In other words, all the cases that he relied upon, someone had asserted within the 21-day period that there was a defect, either in service, either in the amount, the number of creditors, whatever, whatever, was the subject matter jurisdictional basis. They did it within that time, and then the court addressed the question of subject matter jurisdiction. But in this instance, it's clear nothing happened within the 21-day period, right? Are you aware of any case that holds that it's subject matter, other than this case, that holds it subject matter jurisdiction and you don't have to make the objection? Thank you, Your Honor. I have looked and couldn't find it. However, Your Honor, the judge addressed that with it's never waived, subject matter jurisdiction is never waived. And then he addressed it specifically. He found that the petitioner was not qualified and, therefore, lacked standing. I get that. What I don't understand is why your client didn't make that objection within the 21-day period that was provided to preserve the question. Well, that goes back to that point in time. The debtor didn't hire any attorney at that point, so it was late. There's no doubt that it was late. I know it appears that there was no participation. However, I was the attorney on that, and there was a lot of participation, communication with the trustee, and with counsel of the defect. Beginning on May 5th is when I noted to counsel that of the defect in the petition. But, Your Honor, now we're here with the motion to dismiss to the judge. The judge notes that, sua sponte, they have to always be looking at subject matter jurisdiction. And that will – if it's not – You're assuming this is a subject matter jurisdiction question, however. The Ninth Circuit and the Supreme Court, in the Arbaugh case, tell us how to look at a question and whether or not it's subject matter jurisdiction or not. But this panel and the Ninth Circuit Court of Appeals have ruled that Section 303B's requirements are not subject matter jurisdictional, but are instead substantive matters which can be waived if you do not file a proper motion within the 21-day period. So how do you respond to that issue? My response to that is that the 303 – I forgot the rule – where you're – where the debtor is challenging the requirements of the creditor in 303, they're waived. I agree with that. But the subject matter jurisdiction is never waived. And the judge addressed that with – the court has a duty, sua sponte, to be examining subject matter jurisdiction at all times. We know that, yeah. Counsel, doesn't that take you right back to the question? Is it subject matter? Is it procedural? We're looking at the cases and there's substantial support for the issue that it's a procedural. Or I think your opposing counsel talked about it versus substantive versus jurisdictional. But if this is a substantive matter, there's discussion that it could be waived. But couldn't it also be cured? And if it is not a jurisdictional matter, hasn't the procedural error been waived – or not waived, but has been cured? Thank you, Your Honor. If I understand your question, can it be cured as to the standing and the qualifications of the actual petitioner as a qualified petitioner? Go ahead. Go ahead. Answer that. Yes. Yes, Your Honor. That could be. And that wasn't. Appellant did not file under Rule 15 a motion to amend the petition. And that was even examined by the court as to why there was no, you know, motion to amend the petition. And then just add the declaration that said – that is – the declaration is there to, you know, assure the court that – or attest that they didn't buy the claim to get into voluntary bankruptcy. And the court did find that the petitioner did indeed do that. He purchased the claim so he can use the bankruptcy forum to do discovery on one of the members of the LLC, the debtor. And that clearly disqualifies him. It's contravention of Rule 1003A, and that's what the court found. So when the court found that the petitioner was, you know, circumventing the bankruptcy code to use the bankruptcy forum to do discovery on one of the members, the court said, don't have standing, and that's when – that point in time, that's after the 21 days. That's after the petition's initially filed. The court said, now that I see lack of standing, it's fatal to subject matter jurisdiction. And that's when the court cited that he – or the court has a duty to sui sponte, examine subject matter jurisdiction at all times. If it's not a jurisdictional issue – okay, let's – that's the first piece. You're saying that it's a jurisdictional issue. Okay, there was a defect in the petition. Yes. Okay. If it's not a jurisdictional issue, was the defect cured? No, Your Honor. The defect was not cured. So, counsel, let's take a position that there needed to be three creditors instead of one creditor, and they didn't – they didn't have three creditors. Right. Twenty-one days goes by, you never raise the issue. You discover later that there's more than 12 creditors, and they should have had three. But you didn't ever raise it. They did what they were required to do. They complied with the rules. They listed all the creditors. You never – they never raised it. Is that jurisdictional? They can't comply. They can't meet the requirements of the code, but it's a requirement that you need to raise timely. If you don't, it's waived. How is this different than that? Your Honor – thank you, Your Honor. That, I believe, goes to the 303 argument with what – who can file an involuntary bankruptcy and – Right. Okay. That – and – How is this different than meeting one of those other requirements under 303? Because 1003A has a – it's like a – I think an R.E. Kidwell at the Ninth Circuit pointed out there's an anti-gerrymandering component to 1003A. But the code itself says if you have so many creditors, you have to have so many – you have to have a certain amount of debts, and they have to file. And if they don't, the code requires that – not a rule, but the code. And those are waivable under Section 303. So how is this rule that requires that you attest to something that they didn't attach superior – has a higher level of scrutiny, requires the court dismiss the case immediately, makes it not waivable? How does that – how do those two things work together? It doesn't make sense to me. There's that tension, Your Honor. The judge addressed that tension with it's not so much something trumps something. It's the 21 days you don't have to. But then the fluidness of subject matter jurisdiction where the judge has to examine the subject matter jurisdiction as he's over the case. When he determines there's no standing of the one petitioner, we know other creditors did not come forth. Okay, when he determined – it's in his findings – that this petitioner was not qualified. And under R.E. Kidwell, the Ninth Circuit, this court held that it's not even so much you're not qualified, you're not even a creditor. If you circumvent Rule 1003 to use the bankruptcy forum for other strategic litigation procedures. So it feels like a circular logic, but it comes down to the timing. The timing was the judge determined there was no standing. And whether he granted the motion or not, he determined. And he or the judge, the court has to, if it's never raised by anybody, whether the debtor raises it or not, the judge can. And when he raises it, there is no time limit. He doesn't have the 21 days. The judge doesn't have to go under the 303B and have 21 days for him to determine subject matter jurisdiction over a matter. So the way the judge analyzed it, it was – I read it where he was making the decision because he determined. And, yes, he took in both arguments. I mean, they're great arguments. Like I said, I would book subject matter – I mean, the – He didn't raise that sua sponte, though, did he? Your Honor, if I recall correctly, he did quote in his – about sua sponte in his written ruling. But it resulted from your motion to dismiss the petition that was filed 89 days after the – or if a relief was in it. Well, Your Honor, if I can address – That was my – really, that was my question, is that it came before the judge because of the motion to dismiss. So – Thank you, Your Honor. Well, the – it can, and that's just the sequence of events. But what if the judge looked at the petition again and said, you know what, there's a declaration missing? That's not – And it didn't happen. Yeah, but that's not what we have here. We have the judge – this issue came to the judge by your motion. Well, the – in the judge's findings, if I can – and I think this answers your question. And that whether or not the parties raise the issue, federal courts are required sua sponte to examine jurisdictional issues such as standing. So I can't duck this. It's in a case called – he cited Dill, Best Western, and Sina Lodge. And that's when he next concluded that because Spheer purchased the lien for the purpose of commencing this case, Spheer did lack standing to file this involuntary petition against Bella. So that's where he did address the sua sponte requirement of the courts. So hopefully that answers your question. All right. Thank you very much for your argument. Thank you very much. Thank you. I will try to be brief, Your Honors, and thank you. The error that we're assigning to the bankruptcy court is specifically that after the 21 days ran, that that was a waiver. And the court is incorrect in thinking that this is subject matter jurisdiction. And that is what we had pointed out to the court in oral argument below. We need to have – and Congress has clearly indicated that involuntary cases need to proceed with speed. There needs to be certainty. And to have a court 89 days later revisit what is time barred is the reason why we appealed this case. Because it doesn't work with precedent, both from the Ninth Circuit and the Supreme Court and from all the other circuits. And the bankruptcy court should be confined by the precedents that are from superior courts on the jurisdictional inquiry, Your Honors. And unless the court has any questions for me, I'm happy to rest on the briefs. Okay. Thank you very much. Thank you. All right. Thank you both for your excellent arguments. This matter is submitted.
judges: Brand, Gan, and Corbit